WILSON, Respondent, vs. BURHANS, Appellant.

*May 25 — June 11, 1897.*

*Mortgages: Conversion: Frivolous answer.*

A mortgage while outstanding as security for the indebtedness evidenced by promissory notes, is not properly subject to conversion to the mortgagor's damage. An answer in an action on the notes which admitted the indebtedness and set up a counterclaim for the conversion of the mortgage was therefore properly stricken out as frivolous.

APPEAL from a judgment of the superior court of Douglas county: CHAS. SMITH, Judge. *Affirmed.*

This action was commenced to recover of the defendant on two past-due promissory notes of $175 each, with interest at the rate of ten per cent. per annum, on one from the 1st day of February, 1896, and on the other from the 1st day of August, 1896. The notes were dated the 1st day of August, 1894, and were made and given to Frank J. McLean, who, for value, before the commencement of this action, assigned them to the plaintiff, who was at the time of such commencement the lawful owner and holder thereof. The foregoing facts were set forth in the complaint by appropriate allegations. The defendant answered, admitting such plaintiff's causes of action, and for a counterclaim alleged that he gave to the payee of the notes, F. J. McLean,

a mortgage upon some real property to secure the payment thereof; that such mortgage was assigned by such payee to plaintiff; that it was of the value of $5,000; that neither the payee of the notes nor plaintiff had accounted therefor; that plaintiff had converted said mortgage to his own use; and that defendant claimed the value thereof, to wit, $5,000, as a counterclaim to plaintiff's causes of action,— and demanded a judgment therefor, less the amount due on the notes declared on in the complaint. The court struck out the answer, on motion, as frivolous, and ordered judgment in plaintiff's favor according to the demand of the complaint. Judgment was rendered accordingly, and defendant appealed.

For the appellant the cause was submitted on the brief of *Knowles & Wilson.*

*Francis H. De Groat,* for the respondent.

MARSHALL, J. Fairly construed, the allegations of the counterclaim state as facts that defendant gave a real-estate mortgage to secure the payment of the note sued on, that the mortgage came into the possession and ownership of plaintiff with such notes, and that he retained the same notwithstanding the action at law to recover the indebtedness. The allegation that the plaintiff had not accounted for the mortgage, but had converted the same to his own use, obviously means no more than indicated. That plaintiff had a right to retain the mortgage, and proceed at law to collect the indebtedness, requires no discussion. The mortgage, while outstanding as security for the indebtedness evidenced by the notes, did not constitute property subject to conversion, to defendant's damage, by plaintiff or any one else. Defendant had no property, strictly so called, in the mortgage. It had no value independent of the indebtedness it was given to secure. Upon payment of such indebtedness the mortgage would become valueless, and defendant would be entitled to have it discharged; and the remedies to that

end are ample, but an action to recover the mortgage, as property, or its value, is not one of them. The answer clearly did not show facts sufficient to constitute any defense or counterclaim to the causes of action set forth in the complaint. It was clearly frivolous, and was properly stricken out as such.

*By the Court.*— The judgment of the superior court is affirmed.